UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIE BROWN,                                    :

               Petitioner,              :         08 Civ. 8804, 04 Cr. 113 (AJP)

      -against-                                :         **OPINION AND ORDER**

UNITED STATES OF AMERICA,                        :

            Respondent.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

           Pro se petitioner Willie Brown has petitioned under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 260 months imprisonment.  (See 08 Civ. 8804, Dkt. No.1: Pet.) Brown asserts that: (1) "Ineffective Counsels' fundamental, prejudicial, gross negligence & Conflictive Cumulative Errors violated [his] rights" (Pet. ¶¶ 12(A)); (2) "Vindictive Prosecut[orial] Misconduct" involving "'spill over'" prejudice rendered "his sentence illegal & unfair" (Pet. ¶ 12(B)); and (3) the incorrect offense level was applied in calculating the sentencing guidelines in Brown's pre-sentence report (Pet. ¶ 12(C)).  In a supplement to his petition, Brown also asserts that counsel was ineffective for pemitting his sentences to be consecutive rather than concurrent.  (04 Cr. 113, Dkt. Nos. 108-09: Brown Rule 15 Motion to Amend Pet.)

           The parties have consented to decision of this petition by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (08 Civ. 8804, Dkt. No. 8.)

           For the reasons set for below, Brown's petition is DENIED.

H:\OPIN\BROWN-Willie

## FACTS

On February 5, 2004, Willie Brown was indicted along with two co-defendants.  (04 Cr. 113, Dkt. No. 106: Gov't Ltr. Br. at 1.)   On February 14, 2006, Brown waived indictment and was charged in a two-count superseding information.  (Gov't. Br. at 1; 04 Cr. 113, Dkt. No. 71: 2/14/06 Waiver of Indictment; 04 Cr. 113, Dkt. No. 72: 2/14/06 S5 Superseding Information.) Count One charged Brown with distributing and possessing with intent to distribute five kilograms and more of cocaine from 1999 through February 2004; Count Two charged Brown with possessing a firearm in connection with a drug trafficking crime.  (S5 Superseding Information.)

## Guilty Plea and Sentencing

On February 16, 2006, represented by Donald Yanella, Brown pled guilty before Judge Cote.  (04 Cr. 113, Dkt. No. 75: 2/16/06 Plea Transcript ["P."].)  Brown  acknowledged that he understood that he was waiving his rights to a jury trial and related rights.  (P. 4-7.)  Judge Cote described the specific crimes charged in the indictment, and Brown acknowledged that he understood both charges and the penalties for those charges, including that the five year mandatory minimum for Count Two must follow any sentence for Count One.  (P. 8-10.)  Brown affirmed that he had discussed the Sentencing Guidelines with his attorney and understood them (P. 10-11), after which the following colloquy occurred:

> THE COURT:  Now, do you understand that if your attorney or anyone has attempted to predict to you what your sentence will be that their [prediction] could be wrong; do you understand that?
>
> THE DEFENDANT:  Yes, your Honor.

THE COURT:  No one, not your lawyer, not the government's lawyer, no one can give you any assurance of what your sentence will be because I am going to decide your sentence . . . [after] a presentence report [is] prepared. . . . Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:   . . . . Even if your sentence is different from what your attorney or anyone else has told you it might be, even if it's different from what's calculated in an agreement you have with the government you are still going to be bound by your plea of guilty and cannot withdraw your plea of guilty.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Has anyone threatened you[] or influenced or forced you in any way to plead guilty?

THE DEFENDANT:  No your Honor.

(P. 11-12.)  Brown stated that he had read the plea agreement, that his "lawyer went over it with" him, and that he understood it.  (P. 12-13.)  Brown acknowledged that in signing the plea agreement he agreed not to "appeal or litigate or challenge [his] sentence" as long as the Court did not sentence him "to more than 387 months in prison."  (P. 13-14.)  The following was the lengthy colloquy on the sentencing appeal waiver:

THE COURT:   Do you understand that in this document you and the government have agreed that the sentencing guidelines range is 262 to 327 months imprisonment before we get to the five year sentence on the firearms count?  Do you understand that that's what you've agreed to?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And you've also agreed that that five year sentence on the firearms count is to follow any sentencing guidelines range as a result of the cocaine charge; do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And you understand that in signing this you have agreed that a sentence within that range to be followed by the five year sentence on the firearms count would be a reasonable sentence for you; do you understand that's what you've agreed to?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that you've also agreed in signing this that you will not appeal or litigate or challenge your sentence so long as I don't sentence you to more than 387 months in prison.  Do you understand that that's what you've agreed to?

THE DEFENDANT:  Yes, your Honor.

(P. 13-14.)  Defense counsel noted that the quantity of narcotics in the S.D.N.Y. case "overlap[ped]" with the quantity to which Brown already had pled guilty to distributing in a case in federal court in Georgia (P. 14), and Judge Cote noted that Brown's right to argue that at sentencing was preserved (P. 14).

Brown admitted that he sold five kilograms and more of cocaine in the Bronx from 1999 to 2004 and that he possessed a firearm to assist in his drug distribution activity.  (P. 15.) Brown stated that he knew at the time he committed them that his actions were illegal and wrong. (P. 15-16.)  Judge Cote entered a judgment of guilty on both counts, and set a date for sentencing. (P. 16-17.)

Brown's case was reassigned to Judge Owen on January 30, 2007.  (04 Cr. 113, Dkt. No. 86: 1/30/07 Notice of Case Reassignment.)  Sentencing occurred before Judge Owen on October 24, 2007.  (04 Cr. 113, Dkt. No. 104: 10/24/07 Sentencing Transcript ["S."])  B. Alan Seidler,

Case 1:08-cv-08804-AJP   Document 9   Filed 07/28/09   Page 5 of 21

5

Brown's counsel, noted that Brown's sentence in Georgia was reduced because of his cooperation, but not as much as the defense would have liked, and that his overall sentence would have been much lower if the same drugs did not lead to prosecutions in two different districts.  (S. 2-4.) Brown's counsel also argued that Brown was 62 years old and in poor health, and still had approximately eight years remaining on his Georgia sentence.  (S. 6-7.)  Assistant United States Attorney David M. Rody responded that Brown had trafficked "a whole lot of drugs for a lot of years."  (S. 7.)  A.U.S.A. Rody noted that a woman had been "absolutely brutally butchered" in Brown's "stash" apartment, although Brown had nothing to do with that murder.  (S. 8-9.)  Brown addressed Judge Owen, stating that he "made a mistake, a big mistake, and [he] realize[d] [he] made a mistake."  (S. 4.)

Because of Brown's age and poor health, Judge Owen departed below the sentencing guidelines range and the pre-sentence report recommendations, sentencing Brown to two hundred months for Count One (concurrent with the Georgia sentence) and the mandatory consecutive sixty months for the weapon charged in Count Two, for a total sentence of 260 months.  (S. 14-16; see 04 Cr. 113, Dkt. No. 103: Judgment at 2.)  A.U.S.A. Rody pointed out that on "page 4 of Mr. Brown's plea agreement dated February 9, 2006, there is a waiver provision which says that he will not appeal a sentence within or below the range of 322 to 387 months, and obviously the sentence [Judge Owen] has imposed is below that range."  (S. 17.)  Neither Brown nor his counsel responded to that comment.  (S. 17-19.)

**Brown's Petition for Habeas Corpus**

Brown's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 260 months (08 Civ. 8804, Dkt. No. 1: Pet.) asserts that: (1) "Ineffective Counsels' fundamental, prejudicial, gross negligence & Conflictive Cumulative Errors violated [his] rights" at both his plea hearing and at sentencing (Pet. ¶ 12(A)); (2) "Vindictive Prosecut[orial] Misconduct" involving "'spill over'" prejudice rendered "his sentence illegal & unfair" (Pet. ¶ 12(B));[1] and (3) the incorrect offense level was applied in calculating the sentencing guidelines in Brown's pre-sentence report (Pet. ¶ 12(C)).  (Pet. at 5.)  In addition, Brown requested appointment of counsel.  (Pet. ¶ 12(D).)  Moreover, in a supplement to his petition, Brown asserts that counsel was ineffective for allowing his sentence to be consecutive rather than concurrent.  (04 Cr. 113, Dkt. Nos. 108-09: Brown Rule 15 Motion to Amend Pet.)

## ANALYSIS

**I.     BROWN'S ABILITY TO ASSERT A § 2255 PETITION IS BARRED BY HIS PLEA AGREEMENT, EXCEPT AS TO INEFFECTIVE ASSISTANCE OF COUNSEL AS TO HIS PLEA**

Pursuant to his plea agreement, confirmed during his plea allocution, Brown waived his right to appeal or to collaterally or otherwise challenge any sentence which did not exceed the agreed-upon sentencing guidelines range.  (See page 3 above.)  The Second Circuit has held that

---

[1]     Brown argues that "the Government and the Court relied on 'spillover' material from another case where 'alleged' non-existing evidence was introduced that would otherwise be inadmissible," in reference to A.U.S.A. Rody's mentioning at sentencing that a murder was committed at Brown's stash house.  (08 Civ. 8804, Dkt. No. 1: Brown Br. at 13, 15.)

"[w]here the record clearly demonstrates that the defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." United States v. Monzon, 359 F. 3d 110, 116 (2d Cir. 2004).[2/]  In addition, the Second Circuit has held that "[t]here is no general bar to a waiver of collateral attack rights in a plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) (citing Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001) (§ 2255 waiver, like direct appeal waiver, applies to claims arising before the waiver and also after the waiver at sentencing)).[3/]

Determining that plea agreement waivers of § 2255 rights are generally enforceable, however, does not end the inquiry.  The Second Circuit has held that "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver

---

[2/]    Accord, e.g., United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.) ("In no circumstance . . . may a defendant, who has . . . knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement."), cert. denied, 509 U.S. 931, 113 S. Ct. 3060 (1993); United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."); Moore v. United States, 00 civ. 4560, 98 Cr. 833, 2001 WL 253432 at *9 (S.D.N.Y. Mar. 15, 2001) (Peck, M.J.) (citing cases).

[3/]    Accord, e.g., Tremblay v. United States, 08 Civ. 7030, 05 Cr. 0783, 2009 WL 1055007 *8 (S.D.N.Y. Apr. 20, 2009); Okupe v. United States, No. 08 CV 693, 2009 WL 455289 at *2 (E.D.N.Y. Feb. 23, 2009) ("Petitioner's challenge to his sentence is foreclosed by his knowing and voluntary waiver of his right to appeal or otherwise challenge a sentence at or below [the stipulated range] as part of his plea agreement."); Antonucci v. United States, 08 Civ. 529, 04 Cr. 828, 2009 WL 185996 at *3 (S.D.N.Y. Jan. 26, 2009); Castellanos v. United States, 06 Civ. 7773, 02 Cr. 1314, 2008 WL 4548916 at *3 (S.D.N.Y. Oct. 8, 2008); Wall v. United States, No. 06-CR-400, 2008 WL 3049948 at *1 (N.D.N.Y. Aug. 1, 2008); Isaza v. United States, 04 Civ. 6096, 00 Cr. 979, 2008 WL 1849170 at *3 (S.D.N.Y. Apr. 24, 2008); Garcia v. United States, 01 Cr. 945, 04 Civ. 6020, 2008 WL 683661 at *3 (S.D.N.Y. Mar. 14, 2008).

8

has been procured, here, the plea agreement." <u>Frederick</u> v. <u>Warden</u>, 308 F.3d at 195.  An appeal or collateral attack waiver is unenforceable only if the defendant has a "meritorious" claim that "the waiver was the result of ineffective assistance of counsel." <u>United States</u> v. <u>Monzon</u>, 359 F. 3d at 118-19.[4/]

        "[W]ith respect to claims of ineffective assistance of counsel that are limited to post-plea events (e.g., sentencing), however, the waiver remains enforceable." <u>Marulanda</u> v. <u>United States</u>, 2009 WL 1546315 at *2; <u>accord</u>, <u>e.g.</u>, <u>Garcia-Santos</u> v. <u>United States</u>, 273 F.3d at 508-09; <u>Concepcion-Baez</u> v. <u>United States</u>, 2009 WL 765045 at *1 ("a valid waiver will be upheld against a challenge to the correctness of a sentence."); <u>Okupe</u> v. <u>United States</u>, 2009 WL 455289 at *2; <u>Castellanos</u> v. <u>United States</u>, 2008 WL 4548916 at *3, 5; <u>Wall</u> v. <u>United States</u>, 2008 WL 3049948 at *1 ("'[C]laims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver because . . . [they] relate[] only to the performance of defendant's attorney with respect to sentencing and [do] not go to the validity of the plea agreement itself.'") (citation omitted

---

[4/]        Accord, <u>e.g.</u>, <u>Deloir</u> v. <u>United States</u>, 07 Civ. 10633, 06 Cr. 576, 2009 WL 1883263 at *2 (S.D.N.Y. June 30, 2009); <u>Marulanda</u> v. <u>United States</u>, No. 07 CV 5301, 2009 WL 1546315 at *2 (E.D.N.Y. June 2, 2009); <u>Giraldo-Perez</u> v. <u>United States</u>, 08 Civ. 7529, 2009 WL 1492222 at *2 (S.D.N.Y. May 18, 2009); <u>Reyes</u> v. <u>United States</u>, 05 Civ. 3924, 2009 WL 928284 at *2 (S.D.N.Y. Mar. 27, 2009) ("A defendant's waiver of his right to bring a petition pursuant to Section 2255 is unenforceable where defendant was denied effective assistance of counsel <u>in connection with</u> the negotiation and execution of the agreement containing the waiver."); <u>Concepcion-Baez</u> v. <u>United States</u>, No. 02 CV 5287, 2009 WL 765045 at *1 (E.D.N.Y. Mar. 23, 2009); <u>Antonucci</u> v. <u>United States</u>, 2009 WL 185996 at *3; <u>Fuller</u> v. <u>United States</u>, No. 08-CV-3950, 2008 WL 4614998 at *1 (E.D.N.Y. Oct. 15, 2008); <u>Kang</u> v. <u>United States</u>, No. 08 cv 1952, 2008 WL 4283342 at *4 (E.D.N.Y. Sept. 17, 2008); <u>Caminero</u> v. <u>United States</u>, 99 Civ. 9093, 97 Cr. 123, 2008 WL 3833787 at *3 (S.D.N.Y. Aug. 15, 2008); <u>Wall</u> v. <u>United States</u>, 2008 WL 3049948 at *1; <u>Polito</u> v. <u>United States</u>, No. 06 CV 4782, 2007 WL 2815694 at *3 (E.D.N.Y. Sept. 25, 2007).

H:\OPIN\BROWN-Willie

& alterations in original); <u>Chen</u> v. <u>United States</u>, 06 Civ. 7159, 02 Cr. 1039, 2007 WL 4358466 at *4 (S.D.N.Y. Dec. 7, 2007).

        Accordingly, Brown's claims of vindictive prosecutorial misconduct, incorrect offense level, and alleged ineffectiveness of his sentencing counsel as to consecutive rather than concurrent sentences (<u>see</u> pages 1, 6 above) all are barred by his plea agreement to waive collateral attack of a below guideline sentence.  The Court turns to Brown's sole surviving claim, ineffective assistance of counsel pre-plea, to see if it comes within the exception to the waiver.

## II.   BROWN'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL IN CONNECTION WITH HIS GUILTY PLEA ARE WITHOUT MERIT

### A.   Legal Principles Governing Guilty Pleas

        Constitutional due process requires that a guilty plea be voluntary, knowing and intelligent.  <u>E.g.</u>, <u>Bradshaw</u> v. <u>Stumpf</u>, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (2005); <u>United States</u> v. <u>Ruiz</u>, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455 (2002); <u>Bousley</u> v. <u>United States</u>, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998); <u>Mabry</u> v. <u>Johnson</u>, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984); <u>Brady</u> v. <u>United States</u>, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); <u>Boykin</u> v. <u>Alabama</u>, 395 U.S. 238, 242-43 & n.5, 89 S. Ct. 1709, 1711-12 & n.5 (1969).[5/]

        "The standard for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the

---

[5/]    See also, <u>e.g.</u>, <u>United States</u> v. <u>Adams</u>, 448 F.3d 492, 497-98 (2d Cir. 2006); <u>Hanson</u> v. <u>Phillips</u>, 442 F.3d 789, 798 (2d Cir. 2006); <u>Wilson</u> v. <u>McGinnis</u>, 413 F.3d 196, 198-99 (2d Cir. 2005); <u>Innes</u> v. <u>Dalsheim</u>, 864 F.2d 974, 977 (2d Cir. 1988), <u>cert. denied</u>, 493 U.S. 809, 110 S. Ct. 50 (1989).

defendant.'" <u>Urena</u> v. <u>People of the State of New York</u>, 160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001)

(Weinstein, D.J.) (quoting <u>Ventura</u> v. <u>Meachum</u>, 957 F.2d 1048, 1058 (2d Cir. 1992)).   A plea is

involuntary where the defendant did not have "'knowledge of the nature of the constitutional

protections he will forgo by entering his plea.'"  <u>Marcelin</u> v. <u>Garvin</u>, 97 Civ. 2996, 1999 WL 977221

at *5 (S.D.N.Y. Oct. 26, 1999) (Peck, M.J.) (quoting <u>Matusiak</u> v. <u>Kelly</u>, 786 F.2d 536, 543 (2d Cir.),

<u>cert. dismissed</u>, 479 U.S. 805, 107 S. Ct. 248 (1986)).  "A plea is 'intelligent' and 'voluntary' when

a defendant had the advice of counsel, understood the consequences of his plea and the plea was not

physically or mentally coerced."  <u>Heron</u> v. <u>People</u>, 98 Civ. 7941, 1999 WL 1125059 at *5 (S.D.N.Y.

Dec. 8, 1999); <u>see</u>, <u>e.g.</u>, <u>United States</u> v. <u>Doe</u>, 537 F.3d 204, 211 (2d Cir. 2008) ("[T]he Supreme

Court has instructed that, with regard to voluntariness, a guilty plea 'must stand unless induced by

threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled

or unfulfillable promises), or perhaps by promises that are by their nature improper as having no

proper relationship to the prosecutor's business (e.g. bribes).'"); <u>Miller</u> v. <u>Angliker</u>, 848 F.2d 1312,

1320 (2d Cir.) ("[A] plea is deemed 'intelligent' if the accused had the advice of counsel and

understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed

'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing

the defendant's will, or the defendant's sheer inability to weigh his options rationally."), <u>cert. denied</u>,

488 U.S. 890, 109 S. Ct. 224 (1988).[6/]  A "'plea of guilty entered by one fully aware of the direct

---

[6/]     <u>See also</u>, <u>e.g.</u>, <u>White</u> v. <u>Walker</u>, No. 01-CV-0238, 2007 WL 169702 at *11 (N.D.N.Y. Jan. 18, 2007) (quoting <u>Heron</u>); <u>Jones</u> v. <u>Perlman</u>, 05 Civ. 5338, 2006 WL 490055 at *1 (S.D.N.Y. Feb. 28, 2006) ("The Supreme Court has held that a guilty plea is intelligent and (continued...)

consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats, misrepresentations, or perhaps by promises that are by their nature improper.'" Bousley v. United States, 523 U.S. at 619, 118 S. Ct. at 1609 (ellipses omitted) (quoting Brady v. United States, 397 U.S. at 744, 90 S. Ct. at 1472)).[7]

      "'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" Bousley v.

---

[6]    (...continued)
voluntary when the defendant had the advice of counsel, understood the consequences of the plea, and was not physically or mentally coerced."); Bastien v. William, 03 Civ. 5749, 2004 WL 2978283 at *4 (S.D.N.Y. Dec. 20, 2004); France v. Strack, No. 99-CV-2510, 2001 WL 135744 at *3 (E.D.N.Y. Jan. 30, 2001) ("Pleading guilty to avoid a more severe sentence does not in itself qualify as involuntary because the plea can nonetheless be the 'product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.'"); Ramirez v. Headley, 98 Civ. 2603, 1998 WL 788782 at *5 (S.D.N.Y. Nov. 10, 1998); Martuzas v. Reynolds, 853 F. Supp. 87, 94 (N.D.N.Y. 1997) (Pooler, D.J.); Phan v. McCoy, No. 94-CV-1596, 1997 WL 570690 at *6 (N.D.N.Y. Aug. 28, 1997) (Pooler, D.J.) ("The mere fact that a defendant pleaded guilty solely to limit his possible penalty does not make that plea involuntary."); United States v. Millan-Colon, 829 F. Supp. 620, 635 (S.D.N.Y. 1993), aff'd, 17 F.3d 14 (2d Cir. 1994).

[7]    Accord, e.g., Mabry v. Johnson, 467 U.S. at 509, 104 S. Ct. at 2547; United States v. Doe, 537 F.3d at 211; McMahon v. Hodges, 382 F.3d 284, 290 (2d Cir. 2004); United States v. Rossillo, 853 F.2d 1062, 1064 (2d Cir. 1988); Gervais v. United States, No. 08-CV-22, 2008 WL 1994944 at *5 (E.D.N.Y. May 5, 2008) (Weinstein, D.J.); Davila v. United States, No. 07-CV-1320, 2008 WL 906691 at *11 (E.D.N.Y. Mar. 31, 2008) (Weinstein, D.J.); King v. Cunningham, 442 F. Supp. 2d 171, 183 (S.D.N.Y. 2006); Smith v. Burge, 03 Civ. 8648, 2005 WL 78583 at *13 (S.D.N.Y. Jan. 12, 2005); Marcelin v. Garvin, 1999 WL 977221 at *5; Smylis v. City of New York, 25 F. Supp. 2d 461, 465 (S.D.N.Y. 1998); see also, e.g., Willbright v. Smith, 745 F.2d 779, 780-81 (2d Cir. 1984).

United States, 523 U.S. at 621, 118 S. Ct. at 1610 (quoting Mabry v. Johnson, 467 U.S. at 508, 104

S. Ct. at 2547-47); accord, e.g., Bradshaw v. Stumpf, 545 U.S. at 186, 125 S. Ct. at 2407.[8/]

        "As the Supreme Court has noted, statements made at plea allocutions carry a strong

presumption of verity and constitute a formidable barrier in any subsequent collateral proceeding."

Marcelin v. Garvin, 97 Civ. 2996, 1999 WL 977221 at *7 (S.D.N.Y. Oct. 26, 1999) (Peck, M.J.)

(internal quotation marks omitted, quoting, inter alia, Blackledge v. Allison, 431 U.S. 63, 74, 97 S.

Ct. 1621, 1629 (1977)); accord, e.g., United States v. Grzybek, 283 Fed. Appx. 843, 845 (2d Cir.

2008) ("It is well established that '[a] criminal defendant's self-inculpatory statements made under

oath at this plea allocution carry a strong presumption of verity . . . and are generally treated as

conclusive in the face of the defendant's later attempt to contradict them.'"); United States v. Laano,

58 Fed. Appx. 859, 861 (2d Cir. 2003) ("A defendant who offers a claim of innocence to substantiate

altering his plea must overcome 'the strong presumption of verity that attaches to his admissions of

guilt at his plea allocution.'").[9/]

---

[8/]   See, e.g., Isaza v. United States, 04 Civ. 6096, 2008 WL 1849170 at *3 (S.D.N.Y. Apr. 24,
      2008); Groppi v. United States, 05 Civ. 7058, 2006 WL 416393 at *3 (S.D.N.Y. Feb. 17,
      2006); Grullon v. United States, 98 Cr. 524, 04 Civ. 5766, 2006 WL 20498 at *1 (S.D.N.Y.
      Jan. 4, 2006); Marcelin v. Garvin, 1999 WL 977221 at *6.

[9/]   See, e.g., Adames v. United States, 171 F.3d 728, 732-33 (2d Cir. 1999) (statements at plea
      allocution "'carry a strong presumption of verity' . . . and are generally treated as conclusive
      in the face of the defendant's later attempt to contradict them," citing cases); United States
      v. Paredes-Acevedo, 04 Cr. 363, 2008 WL 2743208 at *2 (S.D.N.Y. June 23, 2008) ("The
      defendant's 'statements . . . under oath at his plea allocution carry a "strong presumption of
      verity," . . . .'"); United States v. Caesar, 94 Cr. 59, 1995 WL 312443 at *3 (S.D.N.Y.
      May 23, 1995) ("The Court notes that statements made during a plea allocution carry a strong
      presumption of verity.  Such statements are conclusive absent credible reason justifying
                                                                              (continued...)

13

**B.**     **The Strickland v. Washington Standard on Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court announced a two-part test to determine if counsel's assistance was ineffective:  "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687, 104 S. Ct. at 2064.[10/]  This performance is to be judged by an objective standard of reasonableness.  Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. at 2064.[11/]

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction . . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time . . . .  [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

----

[9/]     (...continued)
departure from their apparent truth.") (citations & internal quotation marks omitted); United States v. Napolitano, 212 F. Supp. 743, 747 (S.D.N.Y. 1963) (Weinfeld, D.J.) ("The defendant's admissions . . . [at guilty plea] are solemn declarations; they are not to be lightly disregarded in favor of his present self-serving assertion . . .").

[10/]    Accord, e.g., Wiggins v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003); Bell v. Miller, 500 F.3d 149, 156-57 (2d Cir. 2007); Henry v. Poole, 409 F.3d 48, 62-63 (2d Cir. 2005), cert. denied, 547 U.S. 1040, 126 S. Ct. 1622 (2006).

[11/]    Accord, e.g., Wiggins v. Smith, 539 U.S. at 521, 123 S. Ct. at 2535; Bell v. Cone, 535 U.S. 685, 695, 122 S. Ct. 1843, 1850 (2002); Henry v. Poole, 409 F.3d at 63.

Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065 (citation omitted).[12]/

   Second, the defendant must show prejudice from counsel's performance.  Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. at 2064.  The "question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt."  Id. at 695, 104 S. Ct. at 2068-69.  Put another way, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.[13]/

---

[12]/  Accord, e.g., Bell v. Cone, 535 U.S. at 698, 122 S. Ct. at 1852; Bell v. Miller, 500 F.3d at 156-57; Henry v. Poole, 409 F.3d at 63; Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001); Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001).

[13]/  See also, e.g., Wiggins v. Smith, 539 U.S. at 534, 123 S. Ct. at 2542; Bell v. Cone, 535 U.S. at 695, 122 S. Ct. at 1850; Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006), cert. denied, 128 S. Ct. 75 (2007); Henry v. Poole, 409 F.3d at 63-64; Aparicio v. Artuz, 269 F.3d at 95; Sellan v. Kuhlman, 261 F.3d at 315; DeLuca v. Lord, 77 F.3d 578, 584 (2d Cir.), cert. denied, 519 U.S. 824, 117 S. Ct. 83 (1996).

"[A] reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. at 2068; accord, e.g., Wiggins v. Smith, 539 U.S. at 534, 123 S. Ct. at 2542.  The phrase "reasonable probability," despite its language, should not be confused with "probable" or "more likely than not." Strickler v. Greene, 527 U.S. 263, 289-91, 119 S. Ct. 1936, 1952-53 (1999); Kyles v. Whitley, 514 U.S. 419, 434, 115 S. Ct. 1555, 1565-66 (1995); Nix v. Whiteside, 475 U.S. 157, 175, 106 S. Ct. 988, 998 (1986) ("a defendant need not establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under Strickland"); Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. at 2068 ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.").  Rather, the phrase "reasonable probability" seems to describe a fairly low standard of probability, albeit somewhat more likely than a "reasonable possibility." Strickler v. Greene, 527 U.S. at 291, 119 S. Ct. at 1953; cf. id. at 297-301, 119 S. Ct. at 1955-58 (Souter, J., concurring & dissenting) (arguing that any difference between
(continued...)

The Supreme Court has counseled that these principles "do not establish mechanical rules."  Strickland v. Washington, 466 U.S. at 696, 104 S. Ct. at  2069.  The focus of the inquiry should be on the fundamental fairness of the trial and whether, despite the strong presumption of reliability, the result is unreliable because of a breakdown of the adversarial process.  Id.

Any counsel errors must be considered in the "aggregate" rather than in isolation, as the Supreme Court has directed courts "to look at the 'totality of the evidence before the judge or jury.'"  Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001) (quoting Strickland v. Washington, 466 U.S. at 695-96, 104 S. Ct. at 2069); accord, e.g., Rodriguez v. Hoke, 928 F.2d 534, 538 (2d Cir. 1991).

The Supreme Court also made clear that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  Strickland v. Washington, 466 U.S. at 697, 104 S. Ct. at 2069.[14]

In addition, the Supreme Court has counseled that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. . . .  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for

---

[13]     (...continued)
"reasonable probability" and "reasonable possibility" is "slight").

[14]     Accord, e.g., Smith v. Robbins, 528 U.S. 259, 286 n.14, 120 S. Ct. 746, 764 n.14 (2000).

reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  <u>Strickland</u> v. <u>Washington</u>, 466 U.S. at 690-91, 104 S. Ct. at 2066.<u>15/</u>

      As the Second Circuit noted:  "The <u>Strickland</u> standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." <u>Lindstadt</u> v. <u>Keane</u>, 239 F.3d at 199; <u>accord</u>, <u>e.g.</u>, <u>Bell</u> v. <u>Miller</u>, 500 F.3d at 156-57.

      The <u>Strickland</u> standard also applies to ineffective assistance claims arising out of a guilty plea.  <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985).<u>16/</u>  "In the context of a guilty plea, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for

---

15/     See also, <u>e.g.</u>, <u>Yarborough</u> v. <u>Gentry</u>, 540 U.S. 1, 5-6, 124 S. Ct. 1, 4 (2003); <u>Engle</u> v. <u>Isaac</u>, 456 U.S. 107, 134, 102 S. Ct. 1558, 1575 (1982) ("We have long recognized . . . that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."); <u>Jackson</u> v. <u>Leonardo</u>, 162 F.3d 81, 85 (2d Cir. 1998) ("In reviewing <u>Strickland</u> claims, courts are instructed to 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and that counsel's conduct was not the result of error but derived instead from trial strategy. We are also instructed, when reviewing decisions by counsel, not to 'second-guess reasonable professional judgments and impose on . . . counsel a duty to raise every "colorable" claim' on appeal.") (citations omitted); <u>Mayo</u> v. <u>Henderson</u>, 13 F.3d 528, 533 (2d Cir.) (a reviewing court "may not use hindsight to second-guess [counsel's] strategy choices"), <u>cert. denied</u>, 513 U.S. 820, 115 S. Ct. 81 (1994).

16/     See, <u>e.g.</u>, <u>Wright</u> v. <u>Van Patten</u>, 552 U.S. 120, 128 S. Ct. 743, 746 (2008); <u>United States</u> v. <u>Doe</u>, 537 F.3d 204, 213-14 (2d Cir. 2008); <u>United States</u> v. <u>Jennings</u>, 282 Fed. Appx. 37, 38 (2d Cir. 2008); <u>United States</u> v. <u>Arteca</u>, 411 F.3d 315, 320 (2d Cir. 2005);  <u>United States</u> v. <u>Thomas</u>, 74 Fed. Appx. 113, 115 (2d Cir. 2003), <u>cert. denied</u>, 541 U.S. 1019, 124 S. Ct. 2089 (2004); <u>United States</u> v. <u>Couto</u>, 311 F.3d 179, 187 (2d Cir. 2002), <u>cert. denied</u>, 544 U.S. 1034, 125 S. Ct. 2283 (2005).

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Moore v. United States, 00 Civ. 4560, 98 Cr. 833, 2001 WL 253432 at *11 (S.D.N.Y. Mar. 15, 2001) (Peck, M.J.) (quoting Hill v. Lockhart, 474 U.S. at 59, 106 S. Ct. at 370).[17/]

### C.    Application of These Standards to Brown's Claims

Brown claims that his guilty plea was "involuntary and unintelligently induced and entered" into because of ineffective assistance of counsel, specifically, that: (1) his attorney Donald Yanella told him that if he did not plead guilty, the prosecutor would contact the Georgia prosecutor to not authorize a downward departure motion already agreed upon there, and (2) Yanella failed to advise Brown that the mandatory consecutive sixty month sentence on Count Two would not begin to run until after Brown completed his sentence in Georgia.  (Dkt. No. 1: Brown Br. at 6-7.)  Brown also asserts that Yanella was ineffective with respect to the gun charge because "at no time did [Brown] possess[] a gun and that at no time did the government confiscate a gun to support the charge."  (04 Cr. 113, Dkt. No. 112: Brown Traverse at 1-2.)

These claims are contradicted by Brown's sworn statements at his plea allocution, which, as noted above, "carry a strong presumption of verity and constitute a formidable barrier in any subsequent collateral proceeding." Marcelin v. Garvin, 97 Civ. 2996, 1999 WL 977221 at *7

---

[17/]    Accord, e.g., United States v. Doe, 537 F.3d at 214; United States v. Arteca, 411 F.3d at 320; United States v. Garcia, 57 Fed. Appx. 486, 489 (2d Cir.), cert. denied, 538 U.S. 992, 123 S. Ct. 1815 (2003); United States v. Couto, 311 F.3d at 187; United States v. Coffin, 76 F.3d 494, 498 (2d Cir.), cert. denied, 517 U.S. 1147, 116 S. Ct. 1445 (1996); Tate v. Wood, 963 F.2d 20, 26 (2d Cir. 1992); Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir.1992); Panuccio v. Kelly, 927 F.2d 106, 108 (2d Cir. 1991); Heyward v. Costello, 91 Civ. 1570, 1994 WL 263426 at *3-4 (S.D.N.Y. June 13, 1994); People v. McDonald, 1 N.Y.3d 109, 115, 769 N.Y.S.2d 781, 785 (2003).

(S.D.N.Y. Oct. 26, 1999) (Peck, M.J) (internal quotations omitted).  At the plea allocution, Brown stated that no one had "threatened [him] or influenced or forced [him] in any way" to plead guilty. (P. 12; see page 3 above.)  This statement directly contradicts Brown's claim that he was induced to plead guilty by any alleged threats about what the prosecutor in New York would tell the Georgia prosecutor to do.

Brown's claim that he pled guilty based on his attorney's failure to advise him that his firearm sentence would be consecutive is contradicted by his plea allocution statement that he understood that "if [his] attorney or anyone ha[d] attempted to predict to [him] what [his] sentence will be that their [prediction] could be wrong."  (P. 11; see page 2 above.)  Judge Cote explicitly informed Brown that his five year sentence on the firearm count would be consecutive to his sentence on Count One.  (See page 3 above.)  Brown understood that he faced 267 to 327 months on Count One of his New York case – significantly longer than he faced on his remaining Georgia sentence (see page 5 above) – and that the gun charge would follow (see page 3 above).  Had he received any promise from counsel as to the interplay of his New York and Georgia sentences, he should have said so when asked if any threats or promisess influenced him to plead guilty.  (See page 3 above.) Finally, as to his guilt of the gun count, Brown admitted in his allocution that he possessed a gun to assist in his drug distribution activity.  (P. 15; see page 4 above.)  That statement, like all statements in his plea allocution, carries a strong presumption of verity, and it relieved the prosecution of the need to prove his possession of a gun.  In short, Brown's statements at his plea allocution control over his current, conclusory statements that counsel was ineffective. Brown's plea

colloquy made clear that he understood the consequences of pleading guilty and was making a voluntary and intelligent choice to do so rather than go to trial.  Finally, Brown benefitted significantly from the plea – although he faced a guideline sentence of 267 to 327 months plus 60 additional months on the gun charge, Judge Owen sentenced Brown to only 200 months plus 60 additional months on the gun charge for a total of 260 months.  (See page 5 above.)

Brown's claims of ineffective assistance of counsel in connection with his guilty plea are conclusory, contradicted by the record, unsupported by evidence and therefore are meritless. See, e.g., Okupe v. United States, No. 08 CV 693, 2009 WL 455289 at *2 (E.D.N.Y. Feb. 23, 2009) (§ 2255 waiver upheld where petitioner signed plea agreement, and at plea "he stated that he read, understood and discussed the agreement with his lawyer" and understood the waiver); Isaza v. United States, 04 Civ. 6096, 00 Cr. 979, 2008 WL 1849170 at *4 (S.D.N.Y. Apr. 24, 2008) (Petitioner "does not allege, however, that she received ineffective assistance of counsel in connection with the negotiation of, or her decision to enter into, the plea agreement.  Nor does [petitioner] generally allege that, but for counsel's ineffective assistance, she would not have pled guilty or signed her plea agreement.  For that reason, [petitioner's] waiver of her right to appeal or collaterally attack her sentence applies to her ineffective assistance of counsel claims. . . .") (citation omitted); Chen v. United States, 06 Civ. 7159, 02 Cr. 1039, 2007 WL 4358466 at *3 (S.D.N.Y. Dec. 7, 2007) (§ 2255 waiver upheld where the "record clearly establishes that [petitioner] entered into the plea agreement knowingly and voluntarily. . . . Because [petitioner's] sworn statements [at plea and sentencing] directly contradict[ed] his more recent self-serving allegations, his ineffective assistance claim is

dismissed."); <u>Cusano</u> v. <u>United States</u>, 05 Civ. 7177, 2007 WL 4142771 at *2 (S.D.N.Y. Nov. 16, 2007) (§ 2255 waiver upheld and ineffective counsel claims found to be meritless when contradicted by petitioner's statements at plea allocution that he understood plea agreement, was satisfied with counsel's representation and admitted to the elements of the crime.); <u>Villar</u> v. <u>United States</u>, 05 Civ. 3230, 03 Cr. 1136, 2006 WL 44015 at *6 (S.D.N.Y. Jan 6, 2006) (§ 2255 waiver upheld and ineffective counsel claim found meritless when directly contradicted by petitioner's statements at plea allocution.); <u>Rosario</u> v. <u>United States</u>, 348 F. Supp. 2d 288, 293 (S.D.N.Y. 2004) (§ 2255 waiver upheld and claims of ineffective assistance of counsel found meritless when contradicted by statements at plea allocution.).   Brown's waiver of his right to appeal or collaterally challenge any sentence less than 387 months was made knowingly and voluntarily.  <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Monzon</u>, 359 F. 3d 110, 119 (2d Cir. 2004) ("[I]f the record . . . shows that [the] claim [of ineffective assistance of counsel] lacks merit, the appeal should be dismissed because the waiver should be enforced."); <u>see also</u> cases cited at pages 19-20 above.  Because Brown knowingly and voluntarily waived his right to appeal or collaterally attack any sentence below 387 months and Judge Owen sentenced Brown to 260 months, Brown's claims all are barred.[18]

---

[18]    Because his claims are without merit, the Court denies Brown's application for appointment of counsel.

21

## CONCLUSION

For the reasons set forth above, Brown's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 260 months imprisonment is <u>DENIED</u>.[19/]

SO ORDERED.

Dated:       New York, New York
             July 28, 2009

                                            _____
                                            Andrew J. Peck
                                            United States Magistrate Judge

Copies to:   Willie Brown
             Edward Y. Kim, Esq.

---

[19/]   If Brown requires copies of any of the cases reported only in Westlaw, he should request copies from government counsel. <u>See</u> Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.1(c)

H:\OPIN\BROWN-Willie